IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **DAVID LYNN TAFT, JR.** | |
| Plaintiff, | **No. 15-CV-4011-DEO** |
| vs. | **INITIAL REVIEW ORDER** |
| **CHARLES PALMER, JASON SMITH, CINDY OLSEN, RENE FAGAN, HEATHER JOHNSON, MATTHEW LUGAR, NATE REINERT, RICK HENDERSON and BRAD WITTROCK** | |
| Defendants. | |

## I.  INTRODUCTION

This matter is currently before the Court on the Plaintiff David Lynn Taft, Jr.'s, 42 U.S.C. Section 1983 Complaint, Docket No. 1, Att. 1.  Also before the Court are the Plaintiff's Motion to Proceed In Forma Paueris, Docket No. 1, and Motion to Appoint Counsel, Docket No. 2.  The Plaintiff is an involuntarily committed patient at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[1]

---

[1]  The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses."  Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited February 25, 2015.

## II. BACKGROUND

As noted above, Mr. Taft is civilly committed at CCUSO.

As set out by the Iowa Supreme Court:

> Taft was arrested in December 1987 for lascivious acts with a minor, based on allegations that he sexually molested his sister and committed other criminal sexual offenses. He was convicted and sentenced to two five-year terms and a two-year term to run concurrently. He served this sentence and was discharged on May 31, 1991.
>
> Seven days after his discharge from prison, Taft reoffended by sexually assaulting two girls who were unknown to him, one who was eight years old and the other who was ten. He was arrested and charged with second-degree sexual abuse, assault causing injury, and burglary. He was convicted and sentenced to prison. Taft was discharged from prison for these offenses on January 10, 2005.
>
> Proceedings were commenced for Taft's commitment as a sexually violent predator (SVP) pursuant to the Commitment of Sexually Violent Predators Act, Iowa Code chapter 229A on March 30, 2005. At the commitment trial, the State's expert opined that Taft suffered from mixed personality disorder (anti-social personality disorder) and pedophilia. A jury found Taft suffered from a mental abnormality which made it more likely than not that he would reoffend, and he was therefore committed to the Civil Commitment Unit for Sexual Offenders (CCUSO) under the provisions of Iowa Code chapter 229A.

<u>Taft v. Iowa Dist. Court ex rel. Linn Cnty.</u>, 828 N.W.2d 309, 311 (Iowa 2013).[2]

Since being committed to CCUSO, Mr. Taft has filed numerous lawsuits.[3] Shortly after arriving at CCUSO, Mr. Taft filed lawsuit 05-CV-4065-DEO, alleging that CCUSO failed to provide certain mandatory services, including providing patients a grievance procedure. 05-CV-4065-DEO, Docket No. 4. The Court appointed attorney Patrick Ingram to represent the Plaintiff. 05-CV-4065-DEO became the lead case in a large class action suit against CCUSO employees. Numerous parties and claims were added to the case. On April 25, 2012, the parties reached a settlement encompassing many different issues. 05-CV-4065, Docket Nos. 131 and 141.

---

[2] Additionally, there are indications Mr. Taft's sexually deviant behavior predate the 1987 case. See Docket No. 35, p. 5-6, discussing an incident where Mr. Taft locked a 6 year old girl in closet while she was at Sunday School and assaulted her; an incident where he sexually assaulted his younger sister; an incident where Mr. Taft sexually molested a four year old cousin; and an incident where he sexually molested an autistic child he had went to school with. See 11-CV-4021-DEO, Docket No. 40, p. 3.

[3] Mr. Taft also filed numerous federal lawsuits before being committed to CCUSO. See, for example, 94-CV-0022-MJM, 94-CV-0148-MJM, 94-CV-0261-JAJ, 95-CV-0376-MJM,97-CV-0049-MJM, 97-CV-0117-EJM, and 05-CV-0192-LRR.

On March 21, 2007, Mr. Taft filed a 28 U.S.C. Section 2254 habeas petition. 07-CV-0029-LRR, Docket No. 1. On April 23, 2007, Judge Reade conducted an initial review and denied Mr. Taft's Petition for failure to pay the proper filing fee. 07-CV-0029, Docket No. 2.

On June 4, 2007, Mr. Taft filed a 28 U.S.C. Section 2254 habeas petition. 07-CV-0053-LRR, Docket No. 1. On June 6, 2007, Judge Reade conducted an initial review and denied Mr. Taft's Petition for failure to pay the proper filing fee. 07-CV-0053, Docket Nos. 2-4.

Mr. Taft and CCUSO patient Eddie Risdal filed a pro se Complaint on September 23, 2008, alleging that CCUSO allowed certain patients to attack other patients. 08-CV-4081-DEO, Docket No. 1. The Court dismissed Mr. Taft from the case but allowed Mr. Risdal's case to join the then pending class action against CCUSO referenced above. See 08-CV-4081-DEO, Docket Nos. 3 and 16.

On May 19, 2009, Mr. Taft filed a pro se Complaint. 09-CV-4042-DEO. Mr. Taft voluntarily dismissed that case in favor of the pending class action discussed above. 09-CV-4042-DEO, Docket Nos. 6 and 7.

On July 20, 2009, Mr. Taft filed a 28 U.S.C. Section 2254 habeas petition. 09-CV-0095-LRR, Docket No. 1. On August 25, 2010, Judge Reade denied Mr. Taft's Petition. 09-CV-0095, Docket No. 29.

Mr. Taft filed a pro se Complaint on March 1, 2011, alleging the manner in which CCUSO patients were required to challenge disciplinary 'write-ups' was constitutionally deficient. 11-CV-4021-DEO, Docket No. 1. In June of 2011, the Complaint was consolidated with Taft et al. v. Turner et al., 05-CV-4065-DEO, the then pending class action case discussed above. On April 25, 2012, this Court accepted a settlement in 05-CV-4065-DEO. 05-CV-4065-DEO, Docket No. 151. However, Mr. Taft's argument regarding 'write-ups,' was not addressed by the settlement. Consequently, on May 22, 2012, this Court entered an Initial Review Order allowing 11-CV-04021-DEO to proceed independent from the class action and appointed attorney Patrick Ingram to represent Mr. Taft. 11-CV-04021-DEO Docket No. 13. That case proceeded through the summary judgment phase. On March 28, 2014, this Court granted the Defendant's Motion for Summary Judgment and dismissed Mr. Taft's case. 11-CV-04021-DEO, Docket No. 40.

On March 31, 2011, Mr. Taft filed a pro se Complaint alleging CCUSO was improperly interfering with his mail.[4] 11-CV-4035-DEO, Docket No. 1. The Court allowed the case to proceed. The Defendants filed a Motion to Dismiss Mr. Taft's claim. The Court granted that Motion on March 22, 2013. See 11-CV-4035-DEO, Docket No. 19.

On June 24, 2011, Mr. Taft filed a pro se Complaint alleging that CCUSO was not letting him progress through treatment. 11-CV-4060-MWB, Docket No. 1. Judge Bennett conducted an initial review and dismissed his case. 11-CV-4060-MWB, Docket No. 3.

On December 6, 2011, Mr. Taft filed a pro se Complaint alleging that he was in pain and that CCUSO employees had failed to treat him. 11-CV-4106-DEO, Docket No. 1. This Court conducted an initial review, found that Mr. Taft's complaint failed to raise to a constitutional violation, and dismissed his case. 11-CV-4106-DEO, Docket No. 2.

On December 20, 2011, Mr. Taft filed a pro se Complaint alleging that various CCUSO patients, including Willie

---

[4] That case also contained a claim by CCUSO patient Eddie Risdal that was distinct from Mr. Taft's claim.

Bradford, have sexually assaulted him and that the CCUSO Defendants allowed it to happen. 11-CV-4112-DEO, Docket No. 1, Att. 1. The Court conducted an initial review, allowed Mr. Taft's claim to proceed and appointed attorney Pat Parry to represent him. Docket No. 3. The case proceeded to the summary judgment stage, where the Court denied the Defendants' Motion for Summary Judgment. 11-CV-4112-DEO, Docket No. 29. The Defendants appealed to the 8th Circuit Court of Appeals, and that Court reversed this Court's decision and found the Defendants were entitled to qualified immunity. 11-CV-4112-DEO, Docket No. 41. Accordingly, on January 7, 2015, the Court dismissed Mr. Taft's case. 11-CV-4112-DEO, Docket No. 44.

On January 4, 2012, Mr. Taft filed a pro se complaint alleging that CCUSO employees had confiscated his property. 12-CV-4002-DEO, Docket No. 1. This Court conducted an initial review and found that Mr. Taft had failed to state a claim upon which relief could be granted. 12-CV-4002-DEO, Docket No. 2.

On January 20, 2012, Mr. Taft filed a pro se Complaint alleging that the CCUSO Defendants had issued him a behavior

citation for no reason. 12-CV-4009-DEO, Docket No. 1. The Court conducted an initial review and dismissed Mr. Taft's case for failure to state a claim. 12-CV-4009-DEO, Docket No. 3.

On April 25, 2012, Mr. Taft filed a pro se Complaint alleging that the CCUSO Defendants committed various torts including breach of contract and copyright infringement. 12-CV-4036-DEO, Docket No. 1. The Court conducted an initial review and dismissed Mr. Taft's case for failure to state a claim upon which relief could be granted. 12-CV-4036-DEO, Docket No. 5.

On August 14, 2012, Mr. Taft filed a pro se Complaint alleging that the CCUSO Defendants had denied him the use of an adult/erotic pen pal service. 12-CV-4079-DEO, Docket No. 5. This Court conducted an initial review and found that Mr. Taft's pro se Complaint failed to state a claim upon which relief could be granted. 12-CV-4079-DEO, Docket No. 5.

On June 6, 2013, the Court conducted an initial review on a pro se Complaint (13-CV-4047-DEO, Docket No. 1) filed by Mr. Taft alleging that CCUSO's treatment policies were constitutionally deficient. The Court consolidated Mr. Taft's

complaint with a large case already progressing against CCUSO Defendants.  See 12-CV-4086-DEO, Docket No. 21.  That case is ongoing, and the Plaintiffs, including Mr. Taft, are represented by attorneys Jay Denne and Robert Tiefenthaler.

On June 3, 2014, Mr. Taft (along with many other Plaintiffs) filed a pro se Complaint alleging, among other issues, sexual discrimination in the manner in which patients are committed to CCUSO.  14-CV-4042-DEO, Docket No. 1.  The Court conducted an initial review, allowed Mr. Taft's case to proceed, and appointed attorney Jay Denne to represent him. 14-CV-4042-DEO, Docket No. 14.  That case is currently progressing.

On January 14, 2015, Mr. Taft filed a pro se Complaint, 15-CV-4005-DEO, Docket No. 1, Att. 1, again raising issues related to fellow CCUSO patient Willie Bradford.  In that pro se Complaint, Mr. Taft again alleged that the Defendants were constitutionally deficient when they allowed the alleged assaults to be committed by Mr. Bradford.  The Court conducted an initial review, and found that the new Complaint was substantially similar to 11-CV-4112-DEO, which this Court previously dismissed based on the ruling of the 8th Circuit

Court of Appeals, discussed above. Accordingly, the Court dismissed Mr. Taft's pro se Complaint on the basis of res judicata. 15-CV-4005-DEO, Docket No. 3.

## III.  IN FORMA PAUPERIS

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other Court costs. 28 U.S.C. § 1915(a)(1). Prisoners must meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. Id. However, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators."[5] Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners. They are civilly

---

[5] Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited February 25, 2015.

committed patients who suffer from a "mental abnormality."
I.C.A. § 229A (generally); I.C.A. § 229A.2(11). Accordingly,
individuals held due to civil commitment under I.C.A. § 229A
are not prisoners and are not subject to 28 U.S.C. § 1915(a)-
(b). See <u>Kolocotronis v. Morgan</u>, 247 F.3d 726, 728 (8th Cir.
2001), stating that those committed to state hospitals are not
prisoners as defined under 28 U.S.C. § 1915; <u>Youngberg v.
Romeo</u>, 457 U.S. 307, 321-22 (1982), stating that individuals
who are involuntarily committed "are entitled to more
considerate treatment than criminals whose conditions of
confinement are designed to punish;" and <u>Michau v. Charleston
County, S.C.</u>, 434 F.3d 725 (4th Cir. 2006), *cert. denied*
<u>Michau v. Charleston County, S.C.</u>, 126 S. Ct. 2936 (2006),
stating that:

> [h]owever, [plaintiff] is presently being
> detained under the SVPA, which creates a
> system of civil, not criminal, detention.
> ... see also <u>Kansas v. Hendricks</u>, 521 U.S.
> 346, 365-69 (1997) (concluding that
> Kansas's Sexually Violent Predators Act
> established civil rather than criminal
> detention scheme).[6] Because [plaintiff's]
> detention under the SVPA is not the result
> of a violation of criminal law, or of the
> terms of parole, probation, or a pretrial

---

[6] SVPA stands for Sexually Violent Predator Act.

> diversionary program, he does not meet the
> PLRA's definition of [a prisoner].[7]  See
> ... <u>Page v. Torrey</u>, 201 F.3d 1136, 1139-40
> (9th Cir. 2000) (concluding that a person
> detained under state's civil sexually
> violent predator act is not a prisoner
> within meaning of PLRA).  Accordingly, the
> PLRA provides no basis for the dismissal of
> [plaintiff's] complaints.

<u>Id.</u> at 727-28.  (Some internal citations omitted.)

In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit with the following statements:  (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor.[8] [9]  28 U.S.C. § 1915(a)(1).

The Plaintiff filed an affidavit that substantially complies with the above rules.  Docket No. 1.  Accordingly,

---

[7]  PLRA stands for Prison Litigation Reform Act.

[8]  An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths."  Black's Law Dictionary (9th ed. 2009), affidavit.

[9]  Entitled to redress means that the plaintiff is entitled to relief.

**the Clerk of Court shall file the Plaintiff's Complaint, Docket No. 1, Att. 1. No filing fee will be assessed.**

However, once any portion of a filing fee is waived, a court must dismiss the case if a Plaintiff's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

## IV. 42 U.S.C. § 1983 INITIAL REVIEW STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than formal pleadings as drafted by a lawyer." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citations omitted).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v.

<u>Twombly</u>, 550 U.S. 544, 555 (2007).  In other words, the claim to relief must be "plausible on its face."  <u>Id.</u> at 570.  A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' – that the pleader is entitled to relief."  <u>Id.</u> at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)).  In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  <u>Id.</u> at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

## V. ISSUE

In his pro se Complaint, Docket No. 1, Att. 1, Mr. Taft alleges that in 2011, he was assaulted and sexually assaulted by fellow CCUSO patient by Willie Bradford. Mr. Taft argues that by allowing these assaults to occur, the Defendants violated various constitutional guarantees. Specifically, Mr. Taft states:

> Defendants have custody of the Plaintiff and collectively and individually they have the responsibility of managing and controlling CCUSO. Each of the named Defendants are entrusted with knowledge and enforcement of the clearly established constitutional rights of the Plaintiff. Defendants have acted or refused to act and have failed to correct the issues complained of herein.

Docket No. 1, Att. 1, p. 3. Mr. Taft prays this Court to award him monetary damages and injunctions against Willie Bradford.

## VI. ANALYSIS

### A. 11-CV-4112-DEO

As discussed above, Mr. Taft previously filed case 11-CV-4112-DEO. In that case, Mr. Taft alleged he was sexually abused by CCUSO patient Willie Bradford. To support that

claim, Mr. Taft listed incidents that occurred on January 21,
2011, January 29, 2011, February 26, 2011, November 20, 2011,
and November 27, 2011.  See 11-CV-4112-DEO, Docket No. 19,
Att. 1, p. 1-2.  Those are the exact same incidents giving
rise to Mr. Taft's present pro se Complaint.  See Docket No.
1, Att. 1, p. 3.[10]

Mr. Taft's claims are barred by the doctrines of claim
and issue preclusion, known as res judicata.

> "Under res judicata a final judgment on the
> merits of an action precludes the parties
> or their privies from relitigating issues
> that were or could have been raised in that
> action."  <u>Yankton Sioux Tribe v. U.S.
> Dep't of Health and Human Servs.</u>, 533 F.3d
> 634, 639 (8th Cir. 2008) (quoting <u>Allen v.
> McCurry</u>, 449 U.S. 90, 94 (1980)).  Res
> judicata bars a claim if:  "(1) the first
> suit resulted in a final judgment on the
> merits; (2) the first suit was based on
> proper jurisdiction; (3) both suits involve
> the same parties (or those in privity with
> them); and (4) both suits are based upon
> the same claims or causes of action."
> <u>Costner v. URS Consultants, Inc.</u>, 153 F.3d
> 667, 673 (8th Cir. 1998).

<u>Clark v. Callahan</u>, No. 13-1563, 2014 WL 7238319, at *1 (8th
Cir. 2014).  Additionally, "it is well-established that "[t]he

---

[10]  They are also the same incidents giving rise to case
15-CV-4005-DEO, which this Court previously dismissed.

dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" <u>Federated Dep't. Stores, Inc. v. Moitie</u>, 452 U.S. 394, 399 n. 3 (1981)." <u>Clark</u>, 2014 WL 7238319 at *2. "Under issue preclusion, previously known as collateral estoppel, 'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.' <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980)." <u>Knutson v. City of Fargo</u>, 600 F.3d 992, 996 (8th Cir. 2010).

11-CV-4112-DEO reached a judgment on the merits. Pursuant to the ruling of the 8th Circuit Court of Appeals, this Court dismissed Mr. Taft's case on January 5, 2015. 11-CV-4112-DEO, Docket Nos. 41 and 44.[11] This Court had jurisdiction over case 11-CV-4112-DEO, and both suits involve the same parties and the same claims.[12] Accordingly, Mr.

---

[11] In that case, the 8th Circuit Court of Appeals found that the CCUSO Defendants were entitled to qualified immunity.

[12] Mr. Taft has swapped some CCUSO employee defendants for others, but makes no argument that defendant groups are substantially different. Specifically, in 11-CV-4112-DEO, Mr. Taft sued CCUSO employees/officials Jason Smith, Charles Palmer, Mike Ryan, Steve Tjaden, Mike Loescher, Matt Royster, Robert Stout, Bill Turner, Sean Morris, and a variety of other

Taft's current pro se Complaint is barred by the doctrine of res judicata. More importantly, the essential legal issue in the prior case, that the CCUSO employees are entitled to qualified immunity, has been decided. Accordingly, issue preclusion applies and Mr. Taft's claim is barred.

In the Initial Review Order on case 15-CV-4005-DEO, this Court told Mr. Taft if he is upset about the ruling of 8th Circuit Court of Appeals in case 11-CV-4112-DEO, his proper recourse is to appeal that case to the United States Supreme Court. Outside of an appeal, Mr. Taft's claims fail. Mr. Taft cannot sue these CCUSO Defendants based on the alleged sexual assault committed by CCUSO patient Willie Bradford. Any subsequent lawsuit based on the Willie Bradford incidents from 2011 will fail for the same reason(s) the previous cases failed. The Court has tried to make this fact as clear as is possible to Mr. Taft.

---

CCUSO patients. In 15-CV-4005-DEO, Mr. Taft sued CCUSO employees/officials Charles Palmer, Jason Smith, Cindy Olsen, Rene Fagan, Heather Johnson, Matthew Lugar, Jen Miller, Nate Reinert, and Rick Henderson. In the above captioned case, Mr. Taft sued Charles Palmer, Jason Smith, Cindy Olsen, Rene Fagan, Heather Johnson, Matthew Lugar, Nate Reinert, Rick Henderson, and Brad Wittrock.

**B. Statute of Limitations**

To the extent Mr. Taft raises claims distinct from those contained in 11-CV-4112-DEO, those new claims are barred by the statute of limitations.

Because 42 U.S.C. § 1983 does not contain a statute of limitations, the limitations period is borrowed from the personal injury statute of limitations of the state where the § 1983 claim arose. Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992). Iowa's statute of limitations for personal injury actions is two years. Iowa Code § 614.1(2).

All of the incidents complained of by Mr. Taft occurred in 2011. Mr. Taft did not file this case until February 25, 2015, more than three years after the events in question. Accordingly, any allegations not contained in case 11-CV-4112-DEO are barred by the statute of limitations.

The Court also notes that Mr. Taft cannot argue good cause for filing this case beyond the statute of limitations. At all times since being committed to CCUSO, Mr. Taft has been represented by counsel in one or more of the cases outlined above. Additionally, over the last twenty years, Mr. Taft has filed dozens of federal lawsuits; he is well acquainted with

the procedures for filings suits and the rules regarding the filing of lawsuits.

## C. **Excessive Suits**

As outlined above, it is beyond dispute that Mr. Taft filed a number of previous 42 U.S.C. § 1983 that have been dismissed. 28 U.S.C. § 1915(g) states:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This Court has previously stated that CCUSO patients are patients, not prisoners. However, on several occasions, the 8th Circuit Court of Appeals has applied prisoner standards to CCUSO patients. Although this issue is not presently before the Court, it is possible that Mr. Taft's future cases would be barred under this rule. Accordingly, the Court cautions Mr. Taft from filing further cases unless a serious issue arises. As discussed above, Mr. Taft is represented by counsel in at least two pending cases. The Court advises Mr.

Taft to contact his attorneys if he has future issues he thinks may be legally viable.

This admonition is especially relevant considering the fact that the above captioned case is the third time Mr. Taft has filed suit based on the same alleged misconduct. If Mr. Taft continues to file frivolous suits related to the Willie Bradford incident from 2011, the Court will have no option but to consider possible sanctions.[13]

## VII.   CONCLUSION

For the reasons set out above, Mr. Taft's Motion for Leave to Proceed In Forma Pauperis is **granted**, and the Clerk of Court shall file Mr. Taft's Complaint. No filing fee will be assessed. However, upon initial review, the Court

---

[13]   See Federal Rule of Civil Procedure 11, which states, [i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)1. This rule applies to pro se litigants. "[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988). See also Urban v. Sells, No. C14-4025-MWB, 2014 WL 3809977 (N.D. Iowa 2014), where Judge Mark W. Bennett discusses the procedure for imposing monetary sanctions on pro se litigants who continually file the same, frivolous, law suit.

concludes that Mr. Taft's case is barred by the doctrines of res judicata and statute of limitations discussed above. Accordingly, Mr. Taft's pro se Complaint is dismissed. Mr. Taft's pro se Motion to Appoint Counsel, Docket No. 2, is denied as moot. **The Clerk of Court shall send a copy of this Order to Assistant Iowa Attorney General Gretchen Kraemer, attorney Pat Parry, and attorneys Jay Denne and Robert Tiefenthaler.**

**IT IS SO ORDERED** this 27th day of February, 2015.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa